**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

GARLAND C. MORRIS,

        Plaintiff,

v.                                                     Case No: 6:15-cv-962-Orl-37TBS

WELLS FARGO BANK, N.A.;
DEUTSCHE BANK NATIONAL TRUST
COMPANY; MORTGAGE
ELECTRONIC REGISTRATION;
SYSTEMS, INC.; CITIMORTGAGE,
INC.; and MERSCORP, INC.,

        Defendants.

**ORDER**

This cause is before the Court on Plaintiff's Motion for Temporary Restraining Order (Doc. 15), filed July 8, 2015. Upon consideration, the Court finds that the motion is due to be denied.

**BACKGROUND**

Plaintiff Garland C. Morris ("Morris") is the defendant in a foreclosure action initiated by Defendant Deutsche Bank National Trust Company ("Deutsche Bank") in the Ninth Judicial Circuit in and for Orange County Florida ("State Court") on March 30, 2012, Case No. 2012-CA-005158-O ("State Action"), which concerns Plaintiff's home at 1135 Reading Drive in Orlando, Florida (the "Property"). (*See* Doc. 1-1, pp. 81–111; Doc. 15, p. 3.) A judicial foreclosure sale of the Property is set for Tuesday, July 14, 2015 ("Foreclosure Sale"). (*See* Doc. 15, p. 4; *see also* Doc. 1-1, pp. 39–77.) The matter is presently before the Court based on Plaintiff's request that this Court enter emergency injunctive relief, pursuant to Federal Rule of Civil Procedure 65, to stop the Foreclosure

Sale so that Plaintiff may pursue claims in this Court based on state common law—including fraudulent misrepresentation, breach of fiduciary duty, civil conspiracy, and quiet title—and the Real Estate Settlement Procedures Act, 15 U.S.C. § 1641(g) ("RESPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the Equal Credit Opportunity Act, 15 U.S.C. § 1691 ("ECOA"), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 ("RICO").[1] (*See* Doc. 15; *see also* Doc. 1.)

Plaintiff purchased the Property on October 7, 2004. (Doc. 1, ¶ 58.) Less than two years later, on or about August 3, 2006, he and his former spouse refinanced their loan on the Property, executing a promissory note for $500,000.00 with their lender, Defendant Wachovia Mortgage Corporation ("Wachovia") (*see* Doc. 15-1, pp. 1–3 ("Note")), and a mortgage on the Property to secure the Note (*see id.* at 4–21 ("Mortgage")). (*See* Doc. 1, ¶ 61; Doc. 15, ¶ 5.) The Note and Mortgage required Plaintiff to make monthly payments of $3,284.00 ("Payment"). (*See* Doc. 1, ¶ 79.) According to Plaintiff, an assignment of the Mortgage dated June 21, 2011 from Wachovia to Defendant Mortgage Electronic Registration Systems ("MERS") was fraudulently "robo-signed" by Wells Fargo Home Mortgage ("WFHM") employee, Ricky L. Thompson for MERS. (*See* Doc. 15-2 ("Assignment"); *see also* Doc. 1, ¶¶ 160. 188–94.) Plaintiff alleges that he did not learn of such fraudulent acts until May of 2015. (*See* Doc. 1, ¶ 195.)

Plaintiff began to suffer financial hardship starting in 2009 when a mortgage crisis developed and his wife—who had cosigned the Note and Mortgage—filed for divorce and

---

[1] Plaintiff's 55-page Complaint purports to set forth 27 different state and federal claims (albeit mis-numbered), and each claim incorporates by reference the first 195 paragraphs of the Complaint. (*See* Doc. 1.) This is a classic "shotgun pleading" that is due to be stricken.

a partition of the Property. (Doc. 1, ¶¶ 66–76.) In 2010 and 2011, his financial hardship worsened when the divorce caused him to suffer dramatic decreases in his income such that he could not afford to make the Payment, and the mortgage crisis resulted in a reduction in the value of the Property below the amount of the Note and Mortgage. (*See* Doc. 1, ¶¶ 69–81; Doc. 15, ¶ 6.) Relying on publications that Defendant Wells Fargo Bank, N.A. ("Wells Fargo") made available on its website, Plaintiff believed that he qualified for a HAMP loan modification; accordingly, he began unsuccessful efforts to obtain modification with WFHM who was the servicer of the Mortgage. (*See* Doc. 1, ¶ 83–138; Doc. 15, ¶ 7.)

Deutsche filed the State Action on or about March 30, 2012 "as trustee for HSI Loan Obligation Trust 2006-2 Mortgage Certificate Series 2006-2" ("Trust"). (*See* Doc. 1, ¶¶ 101–03; Doc. 1-1, pp. 81–111.) Although Plaintiff's efforts to obtain a modification with WFHM were ongoing, the State Court entered a consent final judgment of foreclosure on April 4, 2014. (Doc. 1, ¶¶ 121; Doc. 1-2, pp. 2–4 ("Judgment").) Plaintiff alleges that the Judgment is "invalid" because the State Court identified the Plaintiff as Wells Fargo even though Deutsch initiated the State Action and Deutsch "continued to be identified" as the Plaintiff in the "style" of the State Action. (Doc. 1, ¶¶ 121–23.) On July 28, 2014, Deutsch informed Plaintiff that his request for a loan modification was being denied because his proposed monthly payment was too low, and WFHM notified him that his modification request was denied on August 1, 2014. (*Id.* ¶¶ 129–34.) Plaintiff appealed the decision, and he was again notified that he did not qualify for a modification, and on January 22, 2015, Deutsche moved to reschedule the foreclosure sale of the Property. (*See id.* ¶¶ 133–39.) Plaintiff contends that Deutsche and Wells Fargo handling of his loan

3

modification requests and their foreclosure practices violated the duties of good faith owed to Plaintiff and were fraudulent, deceptive, unfair, incompetent, negligent, and discriminatory (based on his status as a "single white father"). (*See id.* ¶¶ 143–59.)

## STANDARDS

The Court is authorized to issue a temporary restraining order without notice to adverse parties in very limited circumstances. Fed. R. Civ. P. 65(b); Local Rule 4.05. "A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by *affidavit* or by the *verified complaint* that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b)(1)(emphasis added).

## DISCUSSION

The Court must deny Plaintiff's Motion because it is procedurally defective in that it is unsupported by a verified complaint or affidavits as required by Local Rules 4.05(b)(2), and Fed. R. Civ. P. 65(b)(1)(A). Furthermore, the Court's ability to stay a pending state court proceeding is limited by the Anti–Injunction Act (the "Act"), 28 U.S.C. § 2283, which states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Act is grounded in guarantees of independence between the state and federal systems, *see Leiter Minerals, Inc. v. United States*, 352 U.S. 220, 225 (1957), thus courts are

required to narrowly construe its language. *See Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2371 (2011) (stating that the "Act's specifically defined exceptions, are narrow and are not to be enlarged by loose statutory construction") (citations and internal quotations omitted).

Based upon the motion and exhibits submitted by Plaintiff, none of the exceptions to the Act apply to his case, thus the Court is prohibited from enjoining the state court proceedings. *See Gomez v. Bank of Am. Corp.*, No. 8:15–cv–324–T–33EAJ, 2015 WL 667664, at *2 (M.D. Fla. Feb. 17, 2015) (citing the Act in its decision to reject an emergency motion to enjoin state court foreclosure sale of home); *see also Korman v. Gray,* No. 13-80031-CIV, 2014 WL 3695402, at *1 (S.D. Fla. July 24, 2014). Further, the unverified Complaint is due to be dismissed due to its impermissible shotgun format. *See Edward v. BAC Home Loans Servicing, L.P.*, 534 F. App'x 888, 891–92 (11th Cir. 2013) (affirming dismissal of shotgun wrongful foreclosure complaint); *see also Carvel v. Godley*, 404 F. App'x 359, 361 (11th Cir. 2010) (affirming dismissal of shotgun complaint); *Magluta v. Samples*, 256 F.3d 1282, 1285 (11th Cir. 2001) (remanding to district court with instructions to strike shotgun complaint and require the plaintiff to replead).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion for Temporary Restraining Order and Supporting Memorandum of Law (Doc. 15) is **DENIED**.

2. The Complaint (Doc 1) is **STRICKEN**.

3. On or before **July 31, 2015**, Plaintiff may file an Amended Complaint in compliance with the requirements of Federal Rules of Civil Procedure 8, 10,

and with this Order.

4. If Plaintiff does not file an Amended Complaint in the time prescribed, this matter will be **CLOSED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 9, 2015.

ROY B. DALTON JR.
United States District Judge