**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

GARLAND C. MORRIS,

        Plaintiff,

v.

WELLS FARGO BANK, N.A.;
DEUTSCHE BANK NATIONAL TRUST
COMPANY; MORTGAGE
ELECTRONIC REGISTRATION;
SYSTEMS, INC.; CITIMORTGAGE,
INC.; and MERSCORP, INC.,

        Defendants.

Case No: 6:15-cv-962-Orl-37TBS

**ORDER**

On June 12, 2015, Plaintiff Garland Morris ("Plaintiff") filed a 55-page Complaint asserting 27 different state and federal claims against Wells Fargo Bank, N.A., Deutsche Bank National Trust Company, Mortgage Electronic Registration Systems, Inc., Citimortgage Inc., and Merscrop, Inc. (*See* Doc. 1.) Each of Plaintiff's 27 claims incorporated by reference the first 195 paragraphs of the Complaint without regard to the specific facts underlying each claim (*see* Doc. 1); therefore, the Complaint was stricken by the Court, and Plaintiff was granted leave to amend (*see* Doc. 20). Upon review, the Court finds that Plaintiff's Amended Complaint (Doc. 24), like his initial compliant, is an impermissible shotgun pleading, which the Court must promptly strike—without reference to the arguments raised in the Defendants' motion to dismiss (Doc. 33.)

During the past thirty years, the U.S. Court of Appeals for the Eleventh Circuit has roundly and repeatedly condemned shotgun pleadings in all of their forms. *See Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). In fact, the

Eleventh Circuit recently acknowledged its "thirty-year salvo of criticism aimed at shotgun pleadings" and identified four categories of shotgun pleadings. *See id.* at 1321–1323. Plaintiff's Amended Complaint does not fall squarely into any of the four categories identified in *Weiland*; nonetheless, it manifests they key characteristics of a shotgun pleading in that it fails "to give [D]efendants adequate notice of the claims against them and the grounds upon which each claim rests." *See id.* at 132.

Plaintiff's Amended Complaint is now comprised of twelve claims, but it again fails to precisely parcel out and identify the facts relevant to each claim.[1] As a result, the reader—including the Court and Defendants—face the onerous and likely hopeless task of sifting through the Amended Complaint to determine which facts are relevant to each cause of action. This manner of pleading contravenes the mandate of Federal Rule of Civil Procedure 8(a) that pleadings contain "short and plain" statements "showing that the pleader is entitled to relief" for the asserted claim. Fed. R. Civ. P. 8(a)(2). Because the Amended Complaint is altogether unacceptable the Court must require Plaintiff to replead. *See Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). If Plaintiff chooses to replead, his Second Amended Complaint must clearly delineate which factual allegations are relevant to each claim.[2] If Plaintiff files an Amended Complaint that again ignores this simple requirement, the Court will dismiss the pleading without further leave

---

[1] Inexplicably, Plaintiff incorporates the first 195 paragraphs of his Amended Complaint into his RESPA claim (*see* Doc. 24 ¶¶ 194–197), but still fails to precisely identify the factual allegations relevant to each claim (*see id.* ¶¶ 194–258.)

[2] Though Plaintiff's complaint s due to be stricken as a shotgun pleading, the Court notes that the Amended Complaint is not without additional defects. Consequently, Plaintiff is directed to thoroughly review his Amended Complaint before amending his complaint. Plaintiff is further advised to be mindful of his Rule 11 obligations. *See* Fed. R. Civ. P. 11.

to amend.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Amended Complaint (Doc. 24) is **STRICKEN**.

2. Defendants' Motion to Dismiss (Doc. 33) is **DENIED AS MOOT AND WITHOUT PREJUDICE**.

3. On or before **DECEMBER 17, 2015**, Plaintiff may file a Second Amended Complaint consistent with the directives in this Order.

4. Failure to timely file a Second Amended Complaint in accordance with the requirements of this Order will result in closure of this action without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 10, 2015

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record